FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 1:16 pm, Jul 06, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DANTE G. FREDRICK, <br><br>  Plaintiff, <br><br> v. <br><br> CAMDEN COUNTY SHERIFF'S OFFICE, et al., <br><br>  Defendants. | CIVIL ACTION NO.: 2:20-cv-41 |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  Since filing his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* and the following eight Motions:

1. Motion for Preliminary Injunction and to Add a Defendant, doc. 6;

2. Motion for Clerk to Serve Summons and Complaint Upon the Parties, doc. 10;

3. Motion to Change Name of Defendant, doc. 11;

4. Motion for Service of Complaint, Summons, and a Copy of the Court's Civil and Criminal Procedures, doc. 12;

5. Motion to Appoint Counsel and for Access to Court Order, doc. 14;

6. Motion for Magistrate Judge to Decide Over Entire Civil Action, doc. 15;

7. Motion for Name Change, doc. 16; and

8. Second Motion for Leave to Proceed *in Forma Pauperis*, doc. 17.

This matter is ripe for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in

its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **DENY as moot** Plaintiff's pending Motions.

## PLAINTIFF'S CLAIMS[1]

Plaintiff alleges unconstitutional conditions of confinement while he was a pre-trial detainee at the Camden County Jail. Doc. 1. Specifically, Plaintiff claims he was held in a "condemned" building with restricted access to the library, television, and outdoor recreation. Id. at 5. Plaintiff had one hour to shower, shave, make phone calls, and use the law library; further, for a period, Plaintiff was put on lockdown and denied law library access, phone access, and legal materials. Id. After recovering from an injury, Plaintiff moved into a cell with a cellmate who he alleges was mentally ill. Id. at 6. The pair nearly got into a physical fight. Id. at 6. The building Defendants held Plaintiff in had no air conditioning and no ventilation, the showers were covered in black mold, and some of the locks on the doors were compromised, such that they could be kicked open. Id. at 7. During his confinement, Plaintiff experienced high blood pressure and was prescribed blood pressure medication. Id. at 9. Because of the unsanitary and insecure conditions of his confinement, Plaintiff feared he was under "imminent danger of serious physical injury." Id. at 12.

On May 26, 2020, Plaintiff was removed from the Camden County Jail and brought to the Glynn County Detention Center. Doc. 14. He continues to be denied access to the law library and reference computer. Id.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Three-Strikes Dismissal Under 28 U.S.C. § 1915(g)**

   **A.    Legal Standard**

An incarcerated individual, such as Plaintiff, attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)), *abrogated in part on different grounds by* Jones v. Bock, 549 U.S. 199 (2007).[2] A prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee when he initiates suit.[3] Vanderberg v.

---

[2]    In the Eleventh Circuit, dismissals for failing to follow court orders or for abusing the judicial process are also considered strikes. See Rivera, 144 F.3d at 731; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993).

[3]    The applicable filing fee is now $400.00. "The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed." Callaway v. Cumberland Cty. Sheriff Dep't, No. Civ. 14-4853, 2015 WL 2371614, at *1 (D.N.J. May 18, 2015); see also Owens v. Sec'y Fla. Dep't of Corr., Case No. 3:15cv272,

4

Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  When a prisoner who is barred by the "three strikes" provision seeks *in forma pauperis* status, courts must dismiss the complaint without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that because the filing fee must be paid "at the time [the plaintiff-inmate] *initiates* the suit," plaintiff-inmates "cannot simply pay the filing fee after being denied in forma pauperis status" but may refile file action after dismissal and pay the entire filing fee upfront).  The only exception is if the prisoner is "under imminent danger of serious physical injury."  § 1915(g); Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999).

### B. Plaintiff's Litigation History

Under its inherent authority under Federal Rule of Evidence 201, the Court takes judicial notice of the dispositions of many of Plaintiff's previous lawsuits.[4]  The undersigned also takes judicial notice of the determination of the United States District Court for the Middle District of Georgia, finding that "Plaintiff has filed a number of lawsuits in the federal District Courts of Georgia, at least three of which have been dismissed under circumstances that constitute 'strikes' for purposes of section 1915(g)."  Fredrick v. McLaughlin, No. 3:17-cv-56, ECF No. 11, p. 3 (M.D. Ga. May 3, 2017).  Moreover, the Eleventh Circuit Court of Appeals previously denied Plaintiff *in forma pauperis* status in an appeal docketed in July 2016.  See Fredrick v. Glynn Co. State Court, No. 16-15120 (11th Cir. 2016); Fredrick v. Glynn Co. State Court, 2:16-cv-74, ECF

---

2015 WL 5003649 (N.D. Fla. Aug. 21, 2015) (noting that the filing fee applied to cases in which a prisoner-plaintiff is denied *in forma pauperis* status is $400.00).

[4]     Courts routinely take judicial notice of a plaintiff's litigation history when evaluating if the plaintiff has three strikes under § 1915(g).  See Lloyd v. Benton, 686 F.3d 1225, 1226 (11th Cir. 2012); Rivera 144 F.3d at 721 (noting that the trial court took judicial notice of the results of plaintiff's prior lawsuits when evaluating if plaintiff had three strikes).  Moreover, the dispositions of a plaintiff's previous actions "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

No. 20 (S.D. Ga. May 24, 2016). Therefore, Plaintiff is aware he already has three strikes and, indeed, admits as much in his Complaint, though he cannot recall which of his prior cases count as strikes. Doc. 1 at 12. A non-exhaustive list of these cases includes the following: Fredrick v. Danforth, et al., No. 3:14-cv-162 (S.D. Ga. April 27, 2015) (dismissal for failure to truthgully disclose litigation history); Fredrick v. Hooks, et al., No. 3:14-cv-153 (S.D. Ga. May 18, 2015) (dismissal for failure to follow court Orders and failure to prosecute); and Fredrick v. Scarlett, et al., No. 2:15-cv-135 (S.D. Ga. Dec. 8, 2015) (dismissal for failure to state a claim). Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

### C. Section 1915(g)'s Imminent Danger Exception

Although Plaintiff concedes he has three strikes, he contends he is under imminent danger of serious physical injury, such that he should be allowed to proceed *in forma pauperis* in this case. Doc. 1 at 12. "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)). In determining whether Plaintiff's allegations sufficiently overcome the three-strikes bar, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) ("Pro se pleadings are held to a less stringent

6

standard than pleadings drafted by attorneys. . . . "). However, the § 1915(g) exception requires plaintiffs to identify specific facts indicating serious physical injury is imminent. Brown v. Johnson, 387 F.3d 1344, 1349–50 (11th Cir. 2004). General or conclusory allegations, even construed liberally, do not "invoke the exception absent specific fact allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.; see also Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006).

"[A] prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA." Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (quoting Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Moreover, harms already incurred or dangers now past do not justify an exception to the three strikes bar. Medberry, 185 F.3d at 1193 ("Prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); see also Parish v. Davis, No. 4:16-CV-148, 2016 WL 1579385, at *1 (N.D. Fla. Mar. 25, 2016) ("The imminent danger exception should be applied only in 'genuine emergencies' where 'time is pressing,' the 'threat or prison condition is real and proximate," and 'the potential consequence is serious physical injury.'" (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002))).

Plaintiff alleges he faced an imminent risk of physical danger while housed at Camden County Jail. Doc. 1 at 5–9. However, Plaintiff is no longer housed at Camden County Jail—he was transferred to the Glynn County Detention Center not long after filing his Complaint. Doc. 14. The allegedly dangerous conditions present at the Camden County Jail—an unstable cellmate, unsanitary and unventilated cells, insecure doors, and black mold in the showers—

naturally remained there. Even if Plaintiff faced imminent danger of serious physical danger at Camden County Jail, that danger had passed. See Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (finding plaintiff failed to show he was in imminent danger of serious physical injury from his cellmate and the failure of prison officials to protect him at the prison where he was housed when he filed his complaint, because he had been transferred to another facility since filing the complaint); see also Medberry, 185 F.3d at 1193 (same). An allegation of past imminent danger will not invoke the "imminent danger" exception. Id. Plaintiff has also been prescribed high blood pressure medication due to the stress caused by his circumstances. Doc. 1 at 9. Even if Plaintiff's blood pressure went untreated, the Court would not, without more, find this presented a risk of imminent danger that may result in serious physical harm. See Baez v. Sabine, No. 6:16-cv-170, 2017 WL 3783262, at *4 (S.D. Ga. Aug. 31, 2017) (citing Brown v. Lyons, 977 F. Supp. 2d 475, 484 (E.D. Pa. 2013) (allegations of inadequate treatment of high blood pressure do not amount to imminent danger)). Plaintiff makes no allegations of imminent danger at the Glynn County Detention Center. Accordingly, § 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this action.[5] Plaintiff has not paid the filing fee required of all plaintiffs who are not allowed to proceed *in forma pauperis*. I, therefore, **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint. I **DENY as moot** the remainder of Plaintiff's Motions. Docs. 6, 10, 11, 12, 14, 15, 16, 17.

---

[5] If Plaintiff wishes to continue to litigate his claims against Defendants, he may do so, but he must pay the entire filing fee upfront. See Vanderberg, 259 F.3d at 1324.

**II.     Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* in this Court.  I **RECOMMEND** the Court **DISMISS without prejudice** this case, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I **DENY as moot** Plaintiff's remaining Motions.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of July, 2020.

_/s/ B. Cheesbro_
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA